UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO: SA:18-CR-00881(1)-XR |
| | § | |
| ANGELINA MARIE TAYLOR | § | |

### ORDER REVOKING BOND

Pending before the Court is the Petition for Action on Conditions of Pretrial Release ("Second Petition") [#36], which was submitted by Pretrial Services on July 19, 2019. Thereafter, a warrant was issued and Defendant was arrested on July 30, 2019. The Court held a hearing on the Second Petition on August 12, 2019, at which Defendant, her counsel, and counsel for the Government appeared. Defendant pleaded true to the allegations of illegal drug use in the Second Petition and admitted to the positive drug test on the date of her arrest. After considering the Second Petition, the arguments presented at the hearing, and the case file in its entirety, the Court concludes that Defendant's bond should be **REVOKED** for the reasons stated on the record in the hearing and for the reasons explained below.

**I.    Background**

The Court notes that this is the second Petition for Action of Conditions of Pretrial Release that has been filed in this case. At a hearing on the First Petition [#23], which was filed on January 14, 2019, Defendant admitted to drug use. Thereafter, the Court entered an Order Reinstating Bond and Amending Conditions of Release [#28], which imposed the following additional conditions on Defendant:

1. Defendant will remain in custody to receive psychiatric care to stabilize her condition;

2. Defendant will take all prescribed mediations and follow the instructions of her medical and mental health providers;

3. Once her condition is stabilized, Defendant will be released from custody and placed in inpatient treatment at Alpha House; and

4. Defendant will comply with the rules of the treatment program.

Defendant successfully completed inpatient treatment and was discharged on April 10, 2019. After Defendant failed to attend Alpha Home outpatient treatment as required after her discharge from inpatient, Defendant was referred to Lifetime Recovery for Co-Occurring Treatment (substance abuse and mental health treatment) and was enrolled in the "COMPLY" program for drug testing. On July 1, 2019, Defendant tested positive for cocaine usage. When Defendant was arrested on July 30, 2019, she submitted another specimen positive for cocaine usage. Defendant admits to this drug usage.

**II.     Legal Standard**

A defendant who violates a condition of her release is subject to a revocation of her release, an order of detention, and prosecution for contempt of court. *See* 18 U.S.C. § 3148(a). The judge who issued the conditions of release should order revocation and detention if, after a hearing, the judge concludes that (1) there is probable cause to believe that the person has committed a federal, state, or local crime while on release, or clear and convincing evidence establishes that the person has violated another condition of release; and (2) there are no conditions the court could set that would reasonably assure the safety of the community or the person's appearance, or the person is unlikely to abide by any condition or combination of conditions that the court imposes. *See* 18 U.S.C. § 3148(b). If there is probable cause to believe the defendant committed a federal, state, or local felony while on

release, there is a rebuttable presumption that no condition or conditions will assure the defendant's appearance and the community's safety. *See id*.

In this case, Defendant admitted to the allegations concerning cocaine usage contained in the Second Petition and to her positive drug test result on the day of her arrest. Thus, there is probable cause to believe that Defendant used illegal drugs at least twice after being discharged from inpatient drug treatment and while enrolled in outpatient treatment, and thus, that she committed federal and state crimes while on release. Moreover, Defendant's multiple positive drug tests—and that they occurred after she completed inpatient treatment—lead the undersigned to conclude that Defendant is unlikely to comply with the conditions imposed by this Court. Thus, revocation of Defendant's bond is warranted, as is her detention.

In accordance with the foregoing:

**IT IS ORDERED** that Defendant's bond is **REVOKED** and Defendant is committed to the custody of the United States Marshal pending final disposition of this case.

**IT IS SO ORDERED.**

SIGNED this 12th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE